IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| UNITED STATES OF AMERICA, | § | |
|---|---|---|
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:10CR086 |
| | § | |
| TRAVIS THOMAS | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on February 17, 2016, to determine whether Defendant violated his supervised release. Defendant was represented by Denise Benson. The Government was represented by Ernest Gonzalez.

On January 26 2011, Defendant was sentenced by the Honorable United States District Judge David J. Folsom of the Eastern District of Texas after pleading guilty to the offense of Distribution of Cocaine Base. Defendant was sentenced to forty-one (41) months imprisonment, followed by three (3) years of supervised release. On April 16, 2012, this case was reassigned to United States District Judge Marcia Crone of the Eastern District of Texas. On April 19, 2013, Defendant completed his period of imprisonment and began service of his term of supervised release.

On January 11, 2016, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 282 Sealed]. The Petition asserted that

Defendant violated three (3) conditions of supervision, as follows: (1) Defendant shall refrain from any unlawful use of a controlled substance; (2) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; and (3) Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer.

The Petition alleges that Defendant committed the following acts: (1) and (2) Mr. Thomas submitted urine specimens which tested positive for marijuana on August 8, 2013, and September 25, 2013. Both specimens were confirmed by Alere Toxicology. Mr. Thomas verbally and in writing admitted to marijuana use on March 3, 2015, and November 13, 2015. Mr. Thomas submitted a urine specimen which tested positive for marijuana on December 21, 2015, and it was confirmed by Alere Toxicology; and (3) Mr. Thomas failed to report for drug testing with McCary Counseling Services, in Denton, Texas, as directed on July 26, 2013, August 21, 2013, and October 16, 2013, as part of the U.S. Probation Office's random drug testing program. He completed the program on February 21, 2014. Due to continued marijuana use, he was returned to the random drug testing program, and subsequently failed to report for drug testing with McCary Counseling Services, in Denton, Texas, as directed on June 4, 2015, and August 7, 2015.

Prior to the Government putting on its case, Defendant entered a plea of true to allegations one (1), two (2) and three (3) of the Petition, specifically testing positive for marijuana on August 8, 2013 and September 25, 2013 and verbally and in writing admitted to marijuana usage on March 3, 2015 and November 13, 2015. Defendant Thomas also tested

positive for marijuana on December 21, 2015 and failed to report to counseling sessions in Denton, Texas as directed on July 26, 2013, August 21, 2013, and October 16, 2013. He completed the program on February 21, 2014. Due to continued marijuana usage, he returned to the random drug testing program and subsequently failed to report for drug testing as directed on June 4, 2015 and August 7, 2015. Having considered the Petition and the plea of true to allegations one (1), two (2) and three (3), the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocate before the District Judge and his right to object to the report and recommendation of this Court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of four (4) months, with four (4) months of supervised release to follow with home detention during the four months of supervision. Defendant will be responsible for the cost of electronic monitoring and must pay the cost of the first month of electronic monitoring in advance of his release.

The Court also recommends that Defendant be housed in the Bureau of Prisons Ft. Worth facility, if appropriate.

**SIGNED this 19th day of February, 2016.**

Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE